UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ] Master Docket No. M:05-CV-01699-CRB ] ] MDL No. 1699 |
| THIS RELATES TO: MDL Case No. C-06-4565-CRB Doris Storlien, Special Administrator, etc., et al., Plaintiffs, vs. Joel Weigand, M.D., et al., Defendants. | ] ] ] ] ] ] ] ] ] ] ] ] ] |

## STIPULATION AND ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants Pfizer, Inc., Pharmacia Corporation and G.D. Searle, L.L.C. ("Pfizer"), pursuant to Fed. R. Civ. P. 41(a)(1), to a partial dismissal without prejudice of Plaintiffs' claims relating to Bextra, which was filed against Defendant Pfizer.

This Stipulation and Order, however, is a partial dismissal in that it does not affect any claims, counterclaims and issues by and between Defendant Pfizer and Plaintiffs relating to their claims pertaining to Arthrotec, or claims against any other Defendants.

Specifically, the parties hereby stipulate and agree as follows:

1. Plaintiffs dismiss their cause of action against Pfizer as it relates to Bextra without prejudice pursuant to Fed R. Civ. P. 41(a)(1)(ii).

2. This dismissal is voluntary and not on the merits. Plaintiffs certify that no other cause of action based on this claim has been previously dismissed in any Federal or State court.

3. Plaintiffs agree that, in the event they refile a lawsuit against Pfizer that contains claims relating to Bextra, such lawsuit will be filed in a United States District Court and it will not include defendants whose presence would destroy diversity jurisdiction;

4. Plaintiffs further agree that in the event they re-file such lawsuit, any discovery that has taken place or will take place *In Re Bextra and Celebrex Marketing, Sales Practices, and Products Liability Litigation* (MDL-1699), the MDL proceeding that has been established in the United States District Court for the Northern District of California, and that is not specific to a particular plaintiff, can be used in any such lawsuit re-filed by Plaintiffs, as though Plaintiffs had been parties and had an opportunity to participate in that discovery.

5. Each party will bear its own fees, expenses and costs.

Plaintiffs and Pfizers agree to the above-stated conditions and the Plaintiffs wish to dismiss their claim in the instant lawsuit as it pertains to Bextra, without prejudice to re-filing, subject to the conditions stated above. There are no counterclaims or third-party claims. Nothing in this stipulation shall constitute a waiver of any rights and defenses Pfizer may have in any litigation.

WHEREFORE, the parties hereto stipulate to the dismissal of the claim of Plaintiffs in the above-styled lawsuit as they relate to Bextra, without prejudice to re-filing, subject to the conditions stated above.

SAN FRANCISCO, CALIFORNIA, this __25__ day of __August__, 2006.

_____
UNITED STATES DISTRICT JUDGE CHARLES R. BREYER



Respectfully Submitted by:

Dated: __8-15-06__, 2006

-2-